Clair Ingalsbe, Executor of the Estate of Floyd W. Ward, a/k/a Floyd W. Allen, Deceased, Plaintiff-Appellee, v. Lillie A. Gouch, et al., Defendants, Lillie A. Gouch, Lloyd A. Allen, Lorraine B. Basham, Georgie Searight, Georgie Searight as Guardian of Lowell Searight, et al., Defendants-Appellants.

Gen. No. 10,961.

Fourth District.

June 10, 1969.

John T. Allen, of Danville, for appellants.

Harold A. Craig, of Danville, for appellee.

SMITH, J.

When a will is silent who gets the legacy when the legatee is not around to take? The antilapse statute says that if he is a descendant, his descendants take, and if a member of a class, the survivors take. Ill Rev Stats 1967, c 3, § 49. But what if the predeceased legatee is neither? In the matter before us, the single dispositive paragraph divides the estate into nine equal parts to be paid to nine nondescendants and nonclass legatees, and nothing is said anywhere in the will as to where the shares shall go in the event the death of any of them predeceases the testator. This contingency has occurred as to five and the remaining four claim their shares. On the other hand, the heirs of the testator claim that such shares lapsed and passed to them as intestate property. Who is right? The lower court agreed with the surviving four and the heirs appeal.

Solution revolves around the concluding paragraph of the antilapse statute. The issue is simple. Does it apply? If it does, the shares go to the surviving legatees. It reads:

> ". . . Except as above provided, when a devise or legacy lapses by reason of the death of the devisee or legatee before the testator, and there is no provision in the will for that contingency, the estate so devised or bequeathed shall be included in and pass as part of the residue under the will, and if the devise or legacy is or becomes part of the residue, the estate so devised or bequeathed shall pass to and be taken by the legatees or devisees, or those remaining, if any, of the residue in proportions and upon estates corresponding to their respective interests in the residue."

233

■ While it doesn't answer the precise question before us, it is a reasonable construction to say that if there is a residuary clause disposing of the "residue" of an estate, lapsed legacies like these fall into it and go the way the residuary clause says they should go. It is equally clear, we think, that surviving legatees in a residuary disposition receive the shares of those who predeceased the testator, "Except as above provided." But the heirs argue here that because there is no residuary clause, the lapsed legacies have no place to go in the will, and therefore pass outside of it to them. On the other hand, the survivors argue that the lapsed shares form a "residue" and the residue goes to them as the "remaining legatees" as the single dispositive clause was meant by the testator to dispose of "all" his estate. We agree.

The paragraph in question here reads:

> "My Executor and Trustee shall make an accounting of all moneys, except that he may retain sufficient amount for fees and costs of administration expenses, to pay any and all current real estate taxes and other taxes, all just claims against my estate and the balance at any and all accountings shall be divided into nine (9) equal parts and pay one (1) part to each of the following persons, [naming them]."

■ "Residue" in the statute is to be used in the sense of that which remains of an estate after the payment of charges, debts, and bequests. The statute then says, as we read it, that such "residue" is to go to those who take the "residue under the will" which here are the surviving legatees, "or those remaining." While there is no true residuary clause, the dispositive paragraph we are concerned with, in effect disposes of the "residue under the will," and if so, it is to "pass to and be taken by the legatees or devisees, or those remaining." The statute then goes on to say that they take it "in pro-

234

portions and upon estates corresponding to their respective interests in the residue"—which is to say, in the proportion and upon estates that they initially took.

■ It seems to us, therefore, that where, as here, there is no residuary clause, the remaining four legatees share equally in the "residue" made up of the five lapsed shares. They share equally, because that was the proportion corresponding to their respective interests. The result we reach appears to be the result intended by the leglislature by this amendment to the antilapse statute. Furthermore, it appears to us also that the result we reached squares with the intention of the testator. It was clearly his intention that the nine named should get "all" of his estate. This intent would be defeated if we now permitted five of the shares to lapse and pass outside the will to persons who are not referred to at all.

■ The purpose of the antilapse statute as now constituted is to cover all cases of legacies which lapse because of death before the testator and to eliminate, so far as possible, the occurrence of intestacy. A construction which would permit these legacies to lapse is not in accord with this purpose. If its purpose was to allow legacies of the type we have here to lapse and pass as intestate property, then it would have been easy for the legislature to have said so, in much the same way that a testator by this very statute must make provision in his will for the contingency of prior death or otherwise it will go the way the statute says.

The order appealed from is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.