2 Ill. App.3d 681 (1971)
277 N.E.2d 149
CLAIR INGALSBE, EXECUTOR OF THE ESTATE OF FLOYD W. WARD, a/k/a FLOYD W. ALLEN, DECEASED, Plaintiff-Appellee,
v.
LILLIE A. GOUGH et al., Defendants-Appellants.
No. 11501.
Illinois Appellate Court  Fourth District.
December 22, 1971.
*682 John T. Allen, of Danville, for appellant.
Harold A. Craig, of Danville, for appellee.
Reversed and remanded.
Mr. JUSTICE SMITH delivered the opinion of the court:
This is an appeal by an heir of the decedent from an order of the circuit court denying attorney fees of such heir in a suit to construe the will instituted by the executor. We affirmed the trial court's construction of the will in Ingalsbe v. Gouge, 109 Ill. App.2d 232, 248 N.E.2d 522, and there held that the anti-lapse statute (Ill. Rev. Stat. 1967, ch. 3, par. 49), when applied to the facts in this case required that the estate go to four surviving beneficiaries out of a total of nine and did not descend as intestate property. The heir now petitioning for fees lost both in the trial court and here on the construction of the will. In the present appeal from the refusal of the trial court to allow him attorney fees in that court, the appeal is limited specifically to that issue and does not embrace or contemplate fees or expenses beyond those incurred in the trial court.
 1, 2 At the outset, it should be noted that there is no ambiguity on the face of this will. It directed the executor to do some specific things and then directed that "the balance of any and all accountings shall be divided into nine equal parts and pay one part to each of the following persons, [naming them]". Only four of the nine persons survived the testator and on the face of the will no specific provision was made for the disposition of the property. The ambiguity appeared when extrinsic evidence indicated that five of the nine beneficiaries had died and there was a latent ambiguity. Such extrinsic evidence is proper. (Krog v. Hafka, 413 Ill. 290, 109 N.E.2d 213.) In Orme v. Northern Trust Co., 25 Ill.2d 151, 165, 183 N.E.2d 505, 513, our Supreme Court stated:
"In will construction cases, the costs of litigation are borne by the estate on the theory that the testator expressed his intention so ambiguously as to necessitate construction of the instrument in order to resolve adverse claims to the property. (Dean v. Northern Trust Co., 266 Ill. 205, 107 N.E. 186.) Legal fees are allowed to a party even though the construction adopted is adverse to his claim. [Citing cases.] However, such fees should not be authorized where such construction *683 is unnecessary. The criterion is whether an honest difference of opinion exists. [Citing cases.]."
See also Rosenthal v. First National Bank of Chicago, 127 Ill. App.2d 371, 262 N.E.2d 262; St. Louis Union Trust Co. v. Hearne, 111 Ill. App.2d 411, 250 N.E.2d 674.
In the instant case, the amended anti-lapse statute was of recent origin and there was no case then in existence determining whether or not it applied to a circumstance such as we have here. It is clear from that opinion and from the authorities that the testator created the ambiguity here by making no specific provision in his will for the disposition of his property by the executor in event that one or more of the nine beneficiaries predeceased him. The question then was does the anti-lapse statute apply to this type of a residue or residuary clause. We held that it did. The authorities likewise indicate that the test is whether or not there is an honest difference of opinion. It is apparent that the executor did not feel "that it could safely proceed until there had been a judicial determination as to whether or not the anti-lapse statute applied to the facts here stated". The petitioner here was made a defendant in the proceedings in the trial court. He was an involuntary party to the litigation. The executor instituted the "complaint for declaratory judgment for construing will" and alleged "an actual controversy between the parties, to-wit: The question as to the proper construction or interpretation of the will of Floyd W. Ward, a/k/a Floyd W. Allen." It is thus quite clear that the executor did not feel that he could safely proceed with the administration without a judicial construction of the will. (Glaser v. Chicago Title & Trust Co., 401 Ill. 387, 82 N.E.2d 446.) The defendant-heir did not feel that the anti-lapse statute properly interpreted applied to this will. The trial court held otherwise  we affirmed the trial court. We cannot say, however, from this record that this case was not honestly and sincerely litigated in the trial court. Under our adversary proceedings, it would seem a strange and inequitable phenomena to allow the payment of executor's attorney fees for the institution of this complaint and deny attorney fees to this heir who was made a party defendant and who presented his point of view even though not adopted by the trial court or this court. It was the testator who created the necessity for litigation. True, the heir hoped to benefit financially from the litigation and it might be said that in every will contest that is the ultimate goal or achievement of one who litigates. Be that as it may, we are required only to decide that there was a latent ambiguity, and there was, and that there was an honest difference of opinion between the parties as to the application of the anti-lapse statute  and there was.
*684 Accordingly, this case must be reversed and remanded to the trial court with directions to fix and allow reasonable attorney fees to the petitioner for the interpretation of the will in the trial court only and to direct its payment out of the estate. It is so ordered.
Reversed and remanded with directions.
TRAPP, P.J., and CRAVEN, J., concur.