*In re* ESTATE OF ARTHUR B. KNIGHT, Deceased (Teresa Rai Knight, Adm'r, Petitioner-Appellant).

First District (3rd Division)   No. 88—1890

Opinion filed January 11, 1989.

Louis J. Barnes, of Chicago, for appellant.

Veva I. Young, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:
Teresa Rai Knight, administrator of the estate of Arthur B. Knight, filed a petition in the trial court to construe the joint will of

Arthur and Dorothy T. Knight. The petition additionally sought a judgment declaring the second article of the will invalid. The trial court denied the administrator's petition. The administrator appeals, contending that the second article is invalid and the will should be construed accordingly; that the property should descend and be distributed as intestate estate; and that the provision in the will excluding an heir is without effect as to the property which is not disposed of by the will.

On June 29, 1976, Arthur and Dorothy executed a document entitled "Joint Last Will and Testament of Arthur B. Knight and Dorothy T. Knight." The second article of the will stated that Arthur and Dorothy "give, devise and bequeath unto the survivor of us all our property of every kind and nature and wheresoever situated, in full and complete ownership." The fourth article of the will provided for the disposition of the property in the case of simultaneous death. The will made no mention of disposition of the property upon the death of the survivor.

Arthur died on April 16, 1979. On October 1, 1979, Dorothy filed the will in the circuit court of Cook County. Dorothy died on January 1, 1981. No further action was taken with respect to the will until May 6, 1983, at which time the will was admitted to probate. On June 7, 1988, the administrator filed a petition to construe the second article of the will. The administrator asked the court to declare the second article invalid, alleging that the condition precedent to the vesting of Dorothy's legacy under that article, admission of the will to probate, was not met during her lifetime. Thus, when Dorothy died, her legacy under that will lapsed, and pursuant to the Probate Act of 1975 (the Probate Act) (Ill. Rev. Stat. 1979, ch. 110½, par. 1—1 *et seq.*), Arthur's property must descend and be distributed as intestate estate.

On appeal, the administrator contends that probate proceedings are a condition precedent to the vesting of any legacy. She concludes, therefore, that Dorothy's failure to probate the will prior to her death resulted in a lapse of her legacy.

■ The Probate Act provides that a will, when admitted to probate, is effective to transfer the real and personal estate of the testator bequeathed in that will. (Ill. Rev. Stat. 1979, ch. 110½, par. 4—13.) A devisee cannot assert his title to property devised to him unless the will is probated and made a matter of record. *Eckland v. Jankowski* (1950), 407 Ill. 263, 95 N.E.2d 342.

■ A lapsed legacy or devise is one which does not vest because the legatee dies before the testator (*Walker v. Walker* (1918), 283 Ill.

11, 118 N.E. 1014), or the legatee, if he survives the testator, dies before his interest vests under the will (*Gillett v. Gillett* (1902), 109 Ill. App. 75). If a legacy lapses, and there is no other provision in the will disposing of that legacy, the legacy passes as intestate estate. (Ill. Rev. Stat. 1979, ch. 110½, pars. 4—11(c), 4—14; *Brown v. Leadley* (1980), 81 Ill. App. 3d 504, 401 N.E.2d 599.) Therefore, the relevant inquiry here is whether Dorothy's interest vested prior to her death in 1981.

■■ ■ Generally, a will becomes effective on the date of the testator's death. (*Lloyd v. Treasurer of the State of Illinois* (1948), 401 Ill. 520, 82 N.E.2d 470.) The law favors the vesting of estates at the earliest opportunity; estates devised will vest on the testator's death unless a later time for their vesting is apparent from express provisions in the will. (*Geiger v. Geer* (1946), 395 Ill. 367, 69 N.E.2d 848.) Under a joint and mutual will, the death of the first testator determines whether the legacy lapses because the interests of the beneficiaries vest on the death of the first testator and not on the death of the surviving testator. (*Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77.) We hold that failure of the survivor to probate a joint and mutual will does not defeat the vesting of a devise.

This determination is not inconsistent with the provision of the Probate Act which states that a will is effective to transfer the estate of the testator upon admission to probate. (Ill. Rev. Stat. 1979, ch. 110½, par. 4—13.) Our courts always have recognized the marked distinction between the vesting of an estate and the right to enjoy possession of that estate. (1 E. Grigsby, Illinois Real Property §33, at 42 (1948).) The latter is effected by probate proceedings, while the former is not.

Moreover, in *Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251, the court found that provisions of a joint and mutual will governed the disposition of property despite the failure of the survivor to probate the will after the first testator's death. The *Larison* case is factually similar to this case. In *Larison*, a husband and wife executed a joint and mutual will devising all property to the survivor of the two, providing for disposition of the property in the case of simultaneous death, and having no provision regarding disposition of the property at the death of the survivor. Upon the husband's death, the wife filed the will but did not probate it. The will was submitted for probate after her death six years later. The court found that the property passed to the wife upon the husband's death. (*Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251.) Although the *Larison* court did not specifically address the wife's failure to probate

the will upon her husband's death, we believe its decision controls our resolution of this appeal.

We additionally find persuasive the case of *Royston v. Besett* (1938), 183 Okla. 643, 83 P.2d 874. In that case, the court specifically held that under reciprocal wills, title to property vests immediately in the survivor on the death of the testator notwithstanding failure to probate the will. *Royston v. Besett* (1938), 183 Okla. 643, 83 P.2d 874.

The *Larison* and *Royston* decisions are consistent with our jurisprudence in the area of joint and mutual wills. A joint and mutual will is meant to dispose of property owned in severalty, in common, or jointly by the testators. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144.) The provisions of a valid joint and mutual will become irrevocable upon the death of one of the testators (*In re Estate of Edwards* (1954), 3 Ill. 2d 116, 120 N.E.2d 10), and the survivor may not dispose of the property other than as contemplated in the will. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144.) Moreover, the contract between the testators in a valid joint will may be enforced by third-party beneficiaries. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144.) Interest in property, therefore, must vest on the death of the first testator. To rule otherwise would permit the survivor to circumvent the provisions of a joint and mutual will simply by failing to probate the will.

The administrator relies on *Eckland v. Jankowski* in support of her contention that, absent probate proceedings, interests under a will do not vest. The *Eckland* case, however, considered the rights of an innocent purchaser for value. Because of the time of the conveyance the will had not been filed or probated, the court found there was no notice, either actual or constructive, as to the existence or the contents of the will. Accordingly, the court found the innocent purchaser for value should prevail as against a devisee in the will subsequently discovered and admitted to probate. *Eckland v. Jankowski* (1950), 407 Ill. 263, 95 N.E.2d 342. Accord *In re Scarantino's Will* (1953), 139 A.D. 423, 124 N.Y.S.2d 61.

The situation here is distinguishable from that in *Eckland*. There are no innocent purchasers for value. Moreover, the will was filed upon Arthur's death in compliance with the Probate Act. (Ill. Rev. Stat. 1979, ch. 110½, par. 6—1(a).) Dorothy's failure to present the will for probate may have defeated her right to serve as executor of the will (Ill. Rev. Stat. 1979, ch. 110½, par. 6—3(a)), but it did not prevent the vesting of her legacy under that will. At Arthur's death, the property passed by the will to Dorothy, and when she later died, the property was entirely in her estate. We find that the trial court's

denial of the administrator's petition to construe the will was proper.

Because we have determined the trial court properly denied the petition to construe the will, we need not address the administrator's remaining contentions.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

FREEMAN, P.J., and WHITE, J., concur.