ESTATE OF ARTHUR B. KNIGHT, Deceased, Petitioner-Appellant and Cross-Respondent-Appellee, v. TERESA RAI KNIGHT, Adm'r, Respondent-Appellee and Cross-Petitioner-Appellant.

First District (3rd Division)   Nos. 1—89—2534, 1—89—2658 cons.

Opinion filed August 15, 1990.

Veva I. Young, of Chicago, for appellant Estate of Arthur B. Knight.

James J. Seaberry, of Chicago, for appellant Doris Nesbitt.

Louis J. Barnes, of Chicago, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

This is an appeal from an order of the circuit court awarding attorney fees for a previous suit to construe a will and administrator fees. The petitioner, the estate of Arthur B. Knight, deceased, filed a petition asking the circuit court to assess administrator fees, deny attorney fees for appellate work in the previous litigation, and to tax the administrator for appeal costs incurred in the previous litigation. The petitioner contends that the trial court erred in

awarding attorney fees because such fees are not to be borne by the estate where the will is not ambiguous and the litigation is unnecessary. The petitioner further asserts that the fee awarded to the administrator is excessive and that the administrator should have been taxed for the appeal costs incurred when the administrator appealed from the trial court's judgment dismissing her will construction suit. The executor for the estate of Dorothy T. Knight, deceased, the sole beneficiary under Arthur's will whose motion to intervene was rejected by the circuit court, has been granted a right to intervene on this appeal. The intervenor raises the same arguments, but advances the additional contention that attorney fees for work performed at the trial level should have also been denied.

On June 26, 1976, Arthur and Dorothy Knight executed a joint and mutual will devising all their property to the survivor or, in case of simultaneous death, to various charities. Arthur Knight died on April 16, 1979. Dorothy filed the will with the circuit court of Cook County but failed to take further action. Dorothy died on January 1, 1981, without ever admitting the will to probate. Arthur's son, Harold C. Knight, whom Arthur disinherited, admitted the will to probate on May 6, 1983, and nominated his daughter, Teresa Rai Knight, as administrator. The present appeal is the third time that this estate has been before this court.

In September of 1983, Harold initiated a supplemental proceeding challenging the validity of the will, alleging that Dorothy, who was Arthur's fourth wife, fraudulently conspired with her attorney to prepare a will omitting him as an heir, that Dorothy deceived Arthur into disinheriting him, and that the will was modified without Arthur's knowledge. The trial court dismissed the complaint for failure to state a cause of action, and this court affirmed in a Rule 23 order (107 Ill. 2d R. 23), holding that the complaint failed to allege any facts supporting the conclusory allegations.

Approximately 4½ years later, when the final account was supposed to be filed and the estate closed, counsel for the administrator, Veva Young, filed a petition for fees. The administrator then hired Louis Barnes as co-counsel for representation in the administration of Arthur's estate and together they challenged the fee petition filed by Young. At a hearing held on June 7, 1988, scheduled for the purpose of addressing Young's fee petition, the administrator also filed a petition seeking a declaration that part of the will was invalid and asking the court to construe the will accordingly. The trial court dismissed the petition and this court affirmed. (*In re*

*Estate of Knight* (1989), 178 Ill. App. 3d 777, 533 N.E.2d 949.) In that appeal, Teresa Rai Knight contended that the article devising all the property to the survivor was invalid on the theory that the gift lapsed when Dorothy failed to admit the will to probate. Teresa argued that probate proceedings were a condition precedent to the vesting of the property and that the property should be distributed intestate. If Teresa had been successful, two-thirds of the estate would have gone to her father, who had been expressly disinherited in the will. This court rejected Teresa's contention, holding that the property vested upon Arthur's death and that it passed to Dorothy's estate. *In re Estate of Knight*, 178 Ill. App. 3d at 779.

Thereafter, Veva Young, still acting as co-counsel for the administrator, filed a petition to assess the administrator's fees, to tax the administrator for the costs of appealing in the will construction suit, and to deny attorney fees for the appeal. Teresa filed her response and a petition seeking administrator fees in the amount of $10,334.96 and attorney fees in the amount of $7,600. On June 14, 1989, the trial court awarded $4,000 in administrator's fees, $3,800 in attorney fees, and refused to tax the administrator for the costs of the appeal. Young filed a petition for rehearing, and Doris T. Nesbitt, executor of the estate of Dorothy Knight, filed a motion to intervene. On August 25, the trial court denied both motions.

Before addressing the merits, we wish to note that we are aware of the peculiar posture under which the petition was filed; that is, the petition against the administrator being filed by the administrator's co-counsel. The parties, however, have not broached the subject, and we will not delve into the matter. It is enough for us that the executor for the estate of Dorothy Knight, whom we have allowed to intervene in this appeal, raises the identical issues.

■■ The petitioner argues first that the trial court erred in awarding attorney fees for services rendered in the appeal in *In re Estate of Knight*. Ordinarily, attorney fees and litigation costs are not recoverable absent a contract or statute. (*Merchants National Bank v. Old Second National Bank* (1987), 164 Ill. App. 3d 11, 16, 517 N.E.2d 652.) Illinois allows fees for attorneys representing administrators (Ill. Rev. Stat. 1987, ch. 110½, par. 27—2), and the determination of what constitutes reasonable compensation is a matter peculiarly within the discretion of the trial court. (*In re Estate of Halas* (1987), 159 Ill. App. 3d 818, 831-32, 512 N.E.2d 1276.) In cases involving will construction, however, attorney fees and costs are not allowed unless the will is so ambiguous that construction of the will is necessary to resolve adverse claims. (*Raasch v. Meier*

(1988), 171 Ill. App. 3d 226, 231, 524 N.E.2d 1206; *Merchants National Bank*, 164 Ill. App. 3d at 16.) Where a will is ambiguous, attorney fees and costs are awarded to a party even if the construction adopted by the court is adverse to that party's claim. (*Merchants National Bank*, 164 Ill. App. 3d at 16.) While the award of attorney fees is a matter within the sound discretion of the trial court, fees will not be allowed where construction is not necessary. (*Merchants National Bank*, 164 Ill. App. 3d at 16.) The test is whether there is an honest difference of opinion regarding construction of the will. (*Merchants National Bank*, 164 Ill. App. 3d at 16; *Ingalsbe v. Gough* (1971), 2 Ill. App. 3d 681, 683, 277 N.E.2d 149.) Even where construction of a will is necessary, however, the losing party who decides to appeal litigates at his or her own risk and is not entitled to attorney fees and costs. *Rosenthal v. First National Bank* (1970), 127 Ill. App. 2d 371, 374, 262 N.E.2d 262. See also 1 Horner, Probate Practice & Estates §113, at 244 (4th ed. 1984); 4 Page, The Law of Wills §31.16, at 224-25 (Bowe-Parker rev. 1961).

▨ In the instant case, the petitioner argues that the trial court and this court have previously determined that Arthur's will is unambiguous. Therefore, petitioner asserts that the administrator was not entitled to attorney fees for bringing the appeal in the previous litigation. The administrator argues that the will, though not ambiguous on its face, became ambiguous when Dorothy Knight failed to admit the will to probate, a contingency that Arthur did not contemplate. The administrator then maintains that she was under a duty to seek guidance from the probate court as to whether the property must be distributed intestate or according to the will. She further asserts that she was forced to prosecute an appeal after her suit was dismissed because the trial judge did not articulate the reasons for his judgment.

The record reveals that the trial judge believed that the will was clear and unambiguous. In dismissing the administrator's suit, the trial judge stated:

"[T]here is no necessity to construe this Will. It is clear and I think the case law will show that the devolution of this estate goes exactly according to article 2 as read."

The administrator was instructed by the trial court regarding the effect of Dorothy's failure to admit the will to probate. The only interest served by appealing was that of her father, who was disinherited in the will. Teresa appealed at her own risk and must bear the costs of that appeal. Accordingly, we hold that the trial court erred in awarding attorney fees for prosecuting the appeal.

The intervenor raises the additional contention that attorney fees for work performed at the trial level should have been denied. In deciding this issue, this court must decide whether there was an honest difference of opinion as to the proper construction of Arthur's will. Although the trial judge found the will to be unambiguous, this court never made any statements to that effect in *In re Estate of Knight*. Nevertheless, we have examined the opinion issued in *In re Estate of Knight* and the decisions cited therein, and we conclude that construction of the will was not necessary.

■■ ■ As revealed in *In re Estate of Knight*, it has been long settled that the law favors the vesting of estates at the earliest opportunity, and estates devised will vest upon the testator's death unless a later time is apparent from the express provisions of the will. (*In re Estate of Knight*, 178 Ill. App. 3d at 779, citing *Geiger v. Geer* (1946), 395 Ill. 367, 374, 69 N.E.2d 848.) The court recognized that under our probate act a devisee cannot assert his title to property until the will is admitted to probate. (*In re Estate of Knight*, 178 Ill. App. 3d at 778.) The court found, however, that the probate act did not cause the devise to lapse, noting that our courts have always recognized the distinction between the vesting of an estate and the right to enjoy possession of that estate. (*In re Estate of Knight*, 178 Ill. App. 3d at 779.) The court then cited *Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251, a factually similar case, and found it controlling although that case never raised the issue. The court further relied upon a 1938 Oklahoma decision which held that under reciprocal wills, title to property vests immediately in the survivor upon the testator's death notwithstanding the survivor's failure to probate the will. (*In re Estate of Knight*, 178 Ill. App. 3d at 780, citing *Royston v. Besett* (1938), 183 Okla. 643, 83 P.2d 874.) The court further found this holding to be consistent with our jurisprudence in the area of joint and mutual wills. Because a joint and mutual will is a contract, the provisions of which become irrevocable upon the death of one of the testators, a survivor could easily circumvent the contract by merely failing to admit the will to probate unless the interests under the will vested immediately upon the death of the first testator. (*In re Estate of Knight*, 178 Ill. App. 3d at 780.) In contrast, the respondents have failed to present us with any authority supporting a contrary view. Therefore, we further hold that attorney fees for work performed at the trial level should not have been awarded.

■ The petitioner argues next that the trial judge awarded an excessive fee to the administrator. Administrators are entitled to

reasonable compensation for their services (Ill. Rev. Stat. 1987, ch. 110½, par. 27—1), and the determination of what is reasonable is a matter of discretion for the trial judge. (*In re Estate of Enos* (1979), 69 Ill. App. 3d 129, 131, 386 N.E.2d 1147.) The appropriate factors that may be considered include good faith, diligence, time expended, the size of the estate, and the benefits conferred upon the estate. (*In re Estate of Halas*, 159 Ill. App. 3d at 832.) The probate court possesses the skill and experience to evaluate the services rendered on behalf of an estate, and its judgment will not be disturbed absent manifest or palpable error. (*In re Estate of Halas*, 159 Ill. App. 3d at 832.) Teresa Rai Knight requested $10,334.96 for 145 hours of work and expenses. The trial judge awarded a fee of $4,000. We find that the fee is not excessive and affirm that part of the circuit court's judgment.

■ Finally, the petitioner contends that the trial court erred in refusing to tax the administrator for the costs of the appeal in *In re Estate of Knight*. The trial judge stated in his remarks to counsel, however, that he was taking the costs of the appeal into consideration in tabulating the administrator's fee. Thus, although the trial judge did not enter an order taxing the administrator for the costs expended by the estate in her appeal, the end result was the same. Accordingly, we will not reverse the decision of the trial judge refusing to tax the administrator.

For the foregoing reasons, we affirm that part of the circuit court's judgment awarding the administrator $4,000 and reverse the award of attorney fees to Louis Barnes.

Affirmed in part and reversed in part.

WHITE and RIZZI, JJ., concur.