**In the Matter of William F. CHE-NOWETH and Charmaine F. Chenoweth, Debtors.**

**Appeal of Scott CHENOWETH.**

**No. 92–3109.**

United States Court of Appeals, Seventh Circuit.

Submitted June 8, 1993.

Decided Aug. 27, 1993.

Thomas F. Crosby, Michelle L. Vieira, Winters, Brewster, Murphy, Crosby & Patchett, Marion, IL, for appellant.

Marcus H. Herbert and Terrell L. Sharp, Mt. Vernon, IL, for appellee.

Darrell Dunham, Murphysboro, IL, for debtors.

Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

If, within 180 days after a petition for bankruptcy is filed, the debtor "acquires or becomes entitled to acquire ... by bequest, devise, or inheritance" an interest in property that would have been included in the bankrupt estate had the interest been acquired before the petition had been filed, the after-acquired interest becomes the property of the bankrupt estate. 11 U.S.C. § 541(a)(5)(A). One of the debtors in our case was named as a legatee in a will. Her testator died during the 180–day period. The will was not admitted to probate, however, until 16 days after the 180–day period had expired. The debtor disclaimed the legacy, and if the disclaimer was effective the legacy went to her son, the appellant. The bankruptcy and district courts held that the disclaimer was not effective, because the legacy had become the property of the bankrupt estate by virtue of the statutory provision that we have quoted.

The question whether the provision is activated by the will's becoming operative, on the death of the testator, or not until the will is admitted to probate, has not been addressed in a reported appellate case, although *In re Lybrook*, 951 F.2d 136, 137 (7th Cir.1991), assumes that it is the former, and several bankruptcy judges have so held. *In re Bentley*, 120 B.R. 712, 715 (Bankr. S.D.N.Y.1990); *In re Elliott*, 81 B.R. 460, 462 (Bankr.N.D.Ill.1987); *In re Means*, 16 B.R. 775, 776 (Bankr.W.D.Mo.1982). We think these decisions are correct. *In re Powell*, 92 B.R. 378, 379 (Bankr.W.D.Mo.1988), goes the other way, but is clearly wrong, the judge having overlooked the fact that the statutory provision is applicable to after-acquired property.

The validity of a will is not established until the will is admitted to probate; that is what it means to admit a will to probate. Ill.Rev.Stat. ch. 110½, ¶ 4–13; *Schaefer v. Mazer*, 359 Ill. 621, 195 N.E. 442, 443 (1935); *In re Estate of Parker*, 42 Ill.

App.3d 860, 1 Ill.Dec. 685, 686, 356 N.E.2d 967, 969 (1976). But all the after-acquired statute requires is an entitlement. The entitlement is created by the will, and confirmed by the probate proceeding. *Peter v. Peter,* 343 Ill. 493, 175 N.E. 846, 850 (1931); *In re Estate of Knight,* 178 Ill.App.3d 777, 127 Ill.Dec. 867, 869, 533 N.E.2d 949, 951 (1989). This would be clear even if the will were contested. It would then be just like a case in which a lender claims that the borrower has not repaid him, the borrower denies it, and the lender sues. The lender's suit will be based on his entitlement to be repaid. Of course, he may lose the suit, just as a legatee may lose the legacy because the will that devised it is successfully challenged. But if the lender wins his suit, or the legacy is sustained by the probate court, this establishes that the lender and the legatee indeed had their respective entitlements—entitlements vindicated, not created, by the legal proceedings. "While the will was probated after the commencement of this suit, it, when probated, spoke as of the death of the testator ... [T]he property, in the eyes of the law, vested in her at the time of the testator's death." *Peter v. Peter, supra,* 175 N.E. at 850. "Our courts always have recognized the marked distinction between the vesting of an estate and the right to enjoy possession of that estate. The latter is effected by probate proceedings, while the former is not." *In re Estate of Knight, supra,* 127 Ill.Dec. at 869, 533 N.E.2d at 951.

A different interpretation of the after-acquired provision would gut the provision. It often takes 180 days or more to probate a will, and a legatee who wanted to delay the probate in order to keep a legacy out of a bankrupt's estate would often be able to do so.

AFFIRMED.