No. 2--96--0746

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

TRUSTEES OF WHEATON COLLEGE,   )  Appeal from the Circuit Court 

as Trustee,                    )  of Du Page County.

                               )

   Plaintiff-Appellee,         )  No. 93--CH--0465

                               )

v.                             )

                               )  

MARY BEAUMONT PETERS, Indiv.   )  

and by and through her         )  

Guardian, Philip B. Peters;    ) 

and PHILIP B. PETERS, as       )

Guardian for Mary Beaumont     )

Peters,                        )

                               )

   Defendants and              ) 

   Counterplaintiffs-Appellees )

                               )

(Mary Beverley Peters Hunton,  )  Honorable

Defendant and Counterdefendant-)  Bonnie M. Wheaton,

Appellant).                    )  Judge, Presiding.

_________________________________________________________________

                         

     JUSTICE McLAREN delivered the opinion of the court:

     On February 17, 1987, Laura Bertha Catherine Peters Warner

executed a revocable trust.  The trust identifies five

beneficiaries:  defendant and counterplaintiff, Philip B. Peters,

Gayle Peters Emerson, Vincent P. Peters, Stuart Davis Peters, and

"Mary Beverly Peters."  In particular, the trust identifies "Mary

Beverly Peters, Rt. 4, Box 160, Spotsylvania, Va. 22553."  The

instrument creating the trust names the plaintiff, Trustees of

Wheaton College (trustee), as the trustee.  Ron Walton, a

planned-giving officer of Wheaton College, assisted Warner in the

planning of her estate. 

     Of the five beneficiaries named, only the "Mary Beverly

Peters" beneficiary designation is at dispute in this case. 

Notwithstanding "Mary Beverly Peters," every other named

beneficiary is either Warner's niece or nephew, or a child of a

niece or a nephew who predeceased Warner.  Defendant and

counterplaintiff, Mary Beaumont Peters (Peters), is Warner's

niece.  Defendant and counterdefendant, Mary Beverley Peters

Hunton (Hunton), is the daughter of Warner's nephew, defendant

and counterplaintiff, Philip Peters.

     Philip Peters is Mary Beaumont Peters' brother and guardian. 

Peters has been physically and mentally handicapped since

childhood.  Peters has identified herself as Mary Beaumont Peters

and Mary B. Peters since the date of her birth, February 19,

1929.  Further, from 1967 until March 1988, Peters lived at Route

4, Spotsylvania, Virginia.  Between 1967 and April 1986 her

mailing address was Box 160; although she did not change

residences, sometime between April 1986 and April 1987, her

mailing address was changed to Box 1360.  

      Hunton, born March 19, 1949, is the daughter of Philip

Peters.  At birth, Hunton was given the name Mary Beverley

Peters.  However, she has not identified herself as such since

1974, when she married.  Since 1974, she has used the names "Mary

Beverley Peters Hunton," "Mary Peters Hunton," and "Mary P.

Hunton."  Further, Hunton never lived in Spotsylvania, Virginia,

and has never claimed Route 4, Box 160, Spotsylvania, Virginia,

as her home or address.  In addition, Hunton had no contact with

Warner after September 1974, the date of her marriage.

     After Warner's death, David Teune, a lawyer for the trustee,

wrote Eppa Hunton, Hunton's husband, who was serving as counsel

for certain beneficiaries of the trust.  Mary Hunton later

retained new counsel.  The trustee's lawyer asked Eppa Hunton for

the social security numbers of the named beneficiaries, including

"Mary Beverly Peters."  Eppa Hunton responded with a letter,

which provided in part:

          "In the trust agreement, one of the beneficiaries is

     named Mary Beverly Peters.  However, it is my belief that

     the intended beneficiary is Mary Beaumont Peters.  The

     latter is a sister of Philip[,] Gayle and Peyton Peters. 

     ***  Mary Beverl[e]y Peters is the daughter of Philip

     Peters.  Incidentally, Mary Beverl[e]y Peters is my wife. 

     Mary Beaumont Peters formerly lived at Rt. 4, Box 160[,]

     Spotsylvania and then moved to Richmond.  Mary Beverl[e]y

     Peters never lived in Spotsylvania.

          It would be 'normal' for [Warner] to have divided the

     trust into four shares for the four children of her brother

     who were living or left living heirs.  By leaving 1/4

     interest to Mary Beaumont Peters and not Mary Beverl[e]y

     Peters, that pattern is maintained."

     On December 8, 1992, Teune responded to Eppa Hunton's

letter, stating that the trustee also believed the intended

beneficiary to be Peters and not Hunton.  In the letter, Teune

asked Eppa Hunton to obtain his wife's signature on a waiver of

interest in the Warner trust.  

     In March 1993, Hunton, Hunton's husband, Eppa, and Hunton's

father, Philip, met to discuss why Hunton had not signed the

waiver of interest.  In an affidavit, Philip stated that he

explained to Hunton why he believed that Peters was the intended

beneficiary.  Philip stated that he told Hunton that Warner had a

special concern for Peters.  Philip also stated that he told

Hunton that Warner always inquired about Peters' well-being but

never asked about Hunton.   

     Hunton refused to sign the waiver of release and took the

position that she, rather than Peters, was the intended

beneficiary.  On July 16, 1993, the trustee filed an amended

interpleader complaint, which explained that both Peters and

Hunton claimed to be the intended beneficiary of the Peters'

portion of the trust.  The trustee asked the court to decide

which of the defendants was the intended beneficiary.  Before the

trial court heard the evidence in this case, Hunton filed

numerous motions, including a motion to strike the amended

complaint, a motion to dismiss Peters' reply brief, a motion in

limine to bar certain evidence, a motion to dismiss Peters'

amended counterclaim, and a motion to strike Peters' motion for

summary judgment.  

     On October 12, 1994, the trial court determined that there

was a latent ambiguity in the Warner trust as to the beneficiary

identified as "Mary Beverly Peters."  On February 29, 1996, the

trial court granted Peters' motion for summary judgment and

denied Hunton's cross-motion for summary judgment.  Further, the

trial court denied Hunton's petition for the payment of her

attorney fees in the amount of $66,675.32.

     The trial judge stated as follows:

          "At the inception [of this case], I ruled that there

     was latent ambiguity, since the name on the trust documents

     could arguably apply to both Mary Beverley Peters and Mary

     Beaumont Peters because of the address that was listed.  ***

          ***

          It was only after reading all of [the] stipulations and

     the voluminous evidence that I reached the inescapable

     conclusion that Laura Warner's testamentary intent or her

     intent in formulating the trust documents was to benefit

     Mary Beaumont Peters, and I think that the evidence on that

     issue was overwhelming.  

          However, it was only after the culmination of this

     lengthy litigation that I arrived at that conclusion.

          I have reviewed that attorney's fees which are sought,

     and I believe that they are not unreasonable, given the

     ambiguity, as a matter of law and the voluminous discovery

     that was necessary to determine Laura Warner's intent.

          However, as Mr. VanHeukelem says, the reality is that

     this trust corpus was only about $250,000.

          In reviewing all of these pleadings and documents which

     were submitted, I believe that this is a matter addressed to

     the sound discretion of the court.

          But under the factual circumstances which have been

     presented and the overwhelming amount of evidence as the

     intent of Laura Warner, I will exercise my discretion to

     deny the fee petition of Mary Beverley Peters Hunton."

Hunton appeals only the denial of attorney fees.

     Absent a contract or statute to the contrary, the parties to

a suit bear the cost of their attorney fees.  In re Estate of

Beck, 272 Ill. App. 3d 31, 38 (1995).  An exception exists in the

context of a will construction where the testator's intentions

are so ambiguous as to require judicial construction of the will.

Beck, 272 Ill. App. 3d at 38.  In such a case, attorney fees are

recoverable from the estate.  However, an ambiguity, alone, is

not enough.  Rather, there must be an honest difference of

opinion regarding the construction of the will.  Beck, 272 Ill.

App. 3d at 38.  The decision to grant or deny attorney fees in a

will construction case lies within the sound discretion of the

trial court.  Beck, 272 Ill. App. 3d at 38.  Accordingly, a

reviewing court may not disturb the decision to deny attorney

fees absent an abuse of discretion.  Northern Trust Co. v. Heuer,

202 Ill. App. 3d 1066, 1071 (1990).   

     In Beck, 272 Ill. App. 3d 31, the Appellate Court, Fifth

District, held that it was not an abuse of discretion to deny

attorney fees in a will construction case which involved a latent

ambiguity.  The will devised a portion of the estate to the

Lutheran Orphan Home, Paris, Missouri.  However, such an entity

never existed.  The only Lutheran orphanage which ever existed in

Missouri was located in the town of Des Peres.  The orphanage was

conveyed to Lutheran Children's Services, which later closed the

orphanage and changed its name to the Lutheran Family and

Children's Services.  At the time of the decedent's death, the

orphanage did not exist and no successor was named.  The trial

court held that the there was an ambiguous misdescription

contained in the will and that the bequest to the Lutheran Orphan

Home had lapsed.  Beck, 272 Ill. App. 3d at 36-37.  The trial

court also denied Lutheran Family and Children's Services'

request for attorney fees.  Beck, 272 Ill. App. 3d at 34.

     The Appellate Court, Fifth District, affirmed the trial

court's decision.  Regarding the denial of attorney fees, the

court reasoned:

          "Here, the language used in article 7 of decedent's

     will was not so ambiguous as to necessitate judicial

     construction of the provision.  The testator's intentions

     were evident and readily discernable from the language used

     in the provision in question."  Beck, 272 Ill. App. 3d at

     38.

     The reasoning applied in Beck is equally applicable to the

case at bar.  Although Warner used the name "Mary Beverly

Peters," her intentions were "evident and readily discernable

from the language used in the provision in question."  Beck, 272

Ill. App. 3d at 38.  The provision identified "Mary Beverly

Peters [at] Rt. 4, Box 160, Spotsylvania, Va. 22553."  Mary

Hunton never lived in Spotsylvania.  Further, she had not used

the name Mary Beverley Peters since 1974.  In addition, she had

no contact with Warner, knew that her inclusion as a beneficiary

would have been contrary to the trust's scheme, knew that her

husband and the trustee did not believe she had a claim, knew of

Warner's special concern and relationship with Peters, and failed

to present any evidence to support her claim.  In essence, there

is nothing in the record to support Hunton's contention that she

had an honest belief that she had a valid claim to the trust

assets.

     We recognize that Warner could have drafted the will to

avoid the apparent inconsistency challenged by Hunton.  However,

"few instruments are drafted with perfect precision and

[Warner's] intentions were nevertheless easily discernible from

the language [she] used" and from facts which were available to

Hunton prior to this litigation.  See Merchants National Bank v.

Old Second National Bank, 164 Ill. App. 3d 11, 16 (1987).  Thus,

we refuse to equate an easily discernible error in drafting "with

an ambiguity necessitating a will construction suit and

reimbursement of attorney fees."  Merchants National Bank, 164

Ill. App. 3d at 16.  Accordingly, we determine that the trial

court's decision to deny attorney fees is not an abuse of

discretion.

     We recognize that the trial court did not make an express

finding that Hunton's opposition was not based on an honest

difference of opinion.  However, it is well established that a

reviewing court may affirm a trial court's decision on an issue

on any basis appearing in the record.  Bartoszewski v. Village of

Fox Lake, 269 Ill. App. 3d 978, 986 (1995).  Because the record

contains overwhelming evidence that Hunton could not honestly

believe that she had a valid claim to the trust assets, we affirm

the trial court's denial of attorney fees. 

     Hunton cites to Ingalsbe v. Gough, 2 Ill. App. 3d 681

(1971), to support her argument.  However, Ingalsbe is

distinguishable from the case at bar.  In Ingalsbe, an ambiguity

arose due to an amendment to an antilapse statute which had yet

to be interpreted.  Ingalsbe, 2 Ill. App. 3d at 683.  The case at

bar did not turn on the interpretation of newly enacted

legislation.  Rather, the case involved a question of fact, which

was easily determined after the trial judge examined the

evidence.  Further, many of the salient facts were known to

Hunton before discovery.  Thus, Ingalsbe is inapplicable to the

case at bar. 

     Hunton also argues that fees are appropriate in this case

because the trustee filed suit naming Hunton as a defendant. 

However, Hunton ignores the fact that the trustee's suit was

necessary only because Hunton opposed the trustee's intended

distribution by refusing to sign a release.  Thus, we are not

persuaded by this argument.  See Merchants National Bank, 164

Ill. App. 3d at 17.

     In addition, Hunton claims that the trial court erroneously

based its decision to deny attorney fees on the fact that Hunton

was not the successful party.  Hunton cites the following remarks

made by the trial judge to support her claim:

          "But under the factual circumstances which have been

     presented and the overwhelming amount of evidence as the

     intent of Laura Warner, I will exercise my discretion to

     deny the fee petition of Mary Beverley Peters Hunton."

The trial judge's remarks do not support Hunton's claim. 

Instead, her remarks indicate a belief that, because the evidence

was so overwhelming, it is unlikely that Hunton honestly believed

that she had a valid claim to the Warner trust.

     Hunton also contends that the trial court's refusal to grant

attorney fees will have a chilling effect on potential heirs who

lack the funds to litigate.  We disagree.  Instead, we believe

that allowing attorney fees in a case involving the

interpretation of a will that contains mildly inconsistent

language "would invite heirs-at-law to challenge every will

without financial risk, regardless of the clarity of the

testamentary scheme, on the outside chance of having it declared

invalid."  Merchants National Bank, 164 Ill. App. 3d at 16-17. 

     Finally, Hunton claims that the trial court's decision

denying attorney fees should be reversed because the trial judge

erroneously considered the size of the portion of the estate at

issue.  Initially, we disagree with Hunton that an award of

attorney fees is taken from the entire estate.  It is well

settled that an award of attorney fees comes out of the share of

the estate at issue.  Orme v. Northern Trust Co., 25 Ill. 2d 151,

167 (1962).  However, we agree with Hunton that, in determining

whether or not to grant attorney fees in a will construction

case, the sole issue is whether there is an honest difference of

opinion.  Beck, 272 Ill. App. 3d at 38.  Further, we recognize

that the trial court may have erroneously considered the size of

the estate share in controversy when reaching this decision. 

However, we may affirm on any basis appearing in the record. 

Bartoszewski, 269 Ill. App. 3d at 986.  Because we have

determined that there is ample evidence in the record to affirm

the trial court's decision to deny attorney fees, Hunton's

argument is immaterial.

     The judgment of the circuit court of Du Page County is 

affirmed.

     Affirmed. 

     INGLIS and DOYLE, JJ., concur.