EMPLOYERS MODERN LIFE COMPANY, Plaintiff, v. CAROLYN LINDLEY et al., Defendants.—(CAROLYN LINDLEY, Defendant-Appellant, v. SMALL BUSINESS ADMINISTRATION, Defendant-Appellee.)

Fifth District    No. 79-158

Opinion filed May 7, 1980.

Gomric & Kurowski, of Belleville (John J. Kurowski, of counsel), for appellant.

James R. Burgess, Jr., United States Attorney, of East St. Louis (Clifford J. Proud, Assistant United States Attorney, of counsel), for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal from a judgment in favor of the Small Business Administration on an interpleader action filed in the Circuit Court of St. Clair County.

Plaintiff, Employers Modern Life, filed a complaint for interpleader in order to determine who was entitled to the death benefits payable pursuant to a life insurance policy issued to Gary Lindley. Mr. Lindley had died as a result of fatal gunshot wounds suffered during an attempted armed robbery of his place of business. There were three claimants to the death benefits: Gary Lindley's wife, Carolyn Lindley; his former wife, Dianna Bridgers; and the Small Business Administration (hereinafter referred to as the SBA), which claimed to be an assignee of the proceeds

of the policy. Employers Modern Life deposited the death benefits in the amount of $23,075 in the court and was dismissed from all liability.

The original beneficiary designated in decedent's life insurance policy was Dianna Bridgers. However, subsequently and while Mr. Lindley was in the hospital, he executed a power of attorney to his present wife, Carolyn Lindley, who then completed a change of beneficiary form, naming herself as beneficiary under the policy. The court found the change of beneficiary to be effective and ruled that Dianna Bridgers was not entitled to the death benefits. She does not appeal from that order.

The SBA claimed it was entitled to the death benefits pursuant to an assignment of the life insurance policy by the decedent to it. It was established that Mr. Lindley had received a loan from the SBA in 1974 and that as security for the loan, he had given a first mortgage on his business property, a first lien on all personal property used in the business, and an assignment of the life insurance policy in question. At the time of Mr. Lindley's death, a debt of $25,451.59 was still outstanding to the SBA on its loan. The SBA claimed it was entitled to the death benefits pursuant to the assignment executed by Lindley, while Carolyn Lindley contended that the death benefits were never expressly assigned to the SBA and that she is entitled to the death benefits as the designated beneficiary under the policy.

The trial court determined that the SBA was entitled to the death benefits as the creditor-assignee to the extent of Mr. Lindley's indebtedness to it and that Carolyn Lindley was entitled to any excess.

Carolyn Lindley appeals from the trial court's decision, contending that (1) the court erred in interpreting the decedent's assignment of the insurance policy as an assignment of death benefits, and (2) the court erred in not requiring the creditor to marshal assets to give the beneficiary the benefit of the insurance policy.

Appellant contends that the death benefits were never expressly assigned to the SBA, that decedent reserved the right to change the beneficiary, and that the policy was listed under the section of the authorization to loan form of the SBA labeled "Conditions" rather than the "Collateral" section. She argues that these circumstances all indicated that the SBA was not entitled to the death benefits. Appellant also points to the use of the phrase "proceeds at maturity" on the assignment as entitling the SBA to the cash value of the policy on the maturity date stated on the face of the policy but not to the death benefits. Based on these factors, appellant concludes that the SBA was neither expressly assigned the death benefits nor was it entitled to them.

■ It is well settled that when a decedent reserves the right to change the beneficiary on a life insurance policy, the beneficiary acquires no vested right in the insurance policy during the insured's lifetime. Whatever

interest the beneficiary may have is determined at the time of the insured's death. (*Martin v. Stubbings* (1888), 126 Ill. 387, 18 N.E. 657.) Further, in order to determine what interest the beneficiary in the instant case had at the time of the insured's death, we must examine the various documents.

The basic document in this case is the decreasing-term life insurance policy on the life of Gary Lindley. The application for the policy was made on March 8, 1974, and the policy was issued on March 20, 1974. On the initial application for life insurance under the section "SPECIAL REQUESTS," the decedent wrote "Small Business Administration Assignee." The policy was assigned to the SBA on March 25, 1974, and it was applied for as a condition to decedent receiving the loan as specifically stated in the SBA authorization for loan form. The pertinent provisions of the assignment are as follows:

"4. Upon maturity of the policy, the company shall pay to the Assignee from the proceeds the amount due the Assignee. The Assignee's acceptance shall be a release by the Assignee of all further interest in or claim against the policy under this assignment.

5. 'Proceeds of the policy at maturity' means the amount which (after adjustment for any dividend credits, paid up additions, premiums paid for policy years following maturity, and indebtedness due the Company) is payable at maturity in one sum or applicable under an option; or, if the policy or supplementary benefits thereto are payable in installments, then it also includes the maturity value, commuted value, endowment principal or principal sum payable in lieu thereof.

6. Payment hereunder at maturity to the Assignee shall reduce any payments under any beneficiary designation or assignment in the same manner as in the case of deduction of policy indebtedness."

Contracts of insurance are governed by the same principles of law as govern contracts generally, and the rights of the parties and those claiming under them are governed by the agreement as made. (*In re Cohen's Estate* (1959), 23 Ill. App. 2d 411, 163 N.E.2d 533.) While appellant is correct in stating that language expressly assigning death benefits does not appear in the assignment, the assignment of death benefits is encompassed within the assignment agreement. Appellant ascribes a narrowly limited meaning to the word "maturity," contending that the policy matures only upon the maturity date specified on the face of the policy and not upon the death of the insured. This is contrary to the definition stated in 19 Appleman, Insurance Law and Practice §11064 (1946), in which a matured policy is defined as one that has become fixed and payable, either by reason of the death of the insured or his reaching

of a certain age as stated in the policy, or in the case of a health insurance policy, upon the insured becoming fully disabled. Further, paragraphs four and six of the assignment, when considered together, render it clear that the payments under any beneficiary designation shall be reduced by the payment of death benefits to the assignee to the extent of its indebtedness. This interpretation of what constitutes maturity of the policy also conforms with the decided cases in Illinois pertaining to the assignment of life insurance policies. In *Martin v. Stubbings*, our supreme court held that an assignment of a life insurance policy entitled the assignee to receive the benefits accruing at the death of the insured to the extent of the debt owed him, the assignment having revoked the designation of the beneficiary to the extent of the debt.

■■ The appellant further relies on section 9—306(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—306(1)) to support her argument. Section 9—306(1) provides that where an insurance contract identifies a person other than a party to a security agreement as the individual to whom the policy is payable; that person shall receive the proceeds. We find this section to be inapplicable to the instant case. Section 9—306(1) applies to the proceeds of insurance upon collateral, and it cannot be said that Mr. Lindley's life was collateral for the SBA debt.

■■ Appellant's final contention is that the trial court erred in not requiring the creditor-assignee to marshal the assets of the deceased in order to give the beneficiary the benefit of the proceeds of the life insurance policy. This issue will not be considered on appeal because appellant failed to raise this argument at the trial level and in her post-trial motion. It is well settled that issues not presented at trial will not be heard for the first time on review. *Benj. E. Sherman & Son, Inc. v. Lynn* (1976), 38 Ill. App. 3d 569, 348 N.E.2d 191.

We conclude that the trial court correctly awarded the proceeds of the life insurance policy to the SBA; therefore, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

KARNS and SPOMER, JJ., concur.