Abraham SUTAIN, Plaintiff-Appellant,

v.

SHAPIRO AND LIEBERMAN; Pincus Lieberman; W. Donald Maurer; Clarence Shapiro, jointly and severally, Defendants-Appellees.

No. 80–5411.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 1982.*

Decided May 27, 1982.

Rehearing Denied June 15, 1982.

---

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.

C.A. 9th Cir. R. 3(a) and Fed.R.App.P. 34(a).

Abraham Sutain, in pro per.

Alan Greenberg, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, SNEED, and SCHROEDER, Circuit Judges.

PER CURIAM:

Appellant in 1979 brought this suit in the District Court of the Central District of California against certain New Jersey residents and a New Jersey corporation. In 1980 appellant amended his complaint to add two defendants who also reside in New Jersey. The complaint alleged that the defendants had deprived appellant of his constitutional rights. Jurisdiction was asserted under 42 U.S.C. §§ 1981–88, 28 U.S.C. § 1331 and § 1332, and pendent jurisdiction. Certain defendants moved to dismiss the action for lack of proper venue under 28 U.S.C. § 1391(b) because jurisdiction was not founded solely on diversity of citizenship, no defendant resided in the Central District, nor did the claim arise therein. The motion was granted and the action was dismissed as to all defendants. We affirm.

## I.

### FACTS

Appellant, while a New York resident, sold his New York corporation to Burton Kroll in 1973. Appellee Shapiro & Lieberman (S & L), an accounting firm whose partners reside in New Jersey, was employed by appellant in 1974. Sometime during the period between 1973 and 1975 appellant moved to California.

Appellant's allegations in this suit have their origin in an investigation by the Internal Revenue Service (IRS) of his taxes during the period 1974–76. Defendant Robert McGuiness, the IRS agent handling the case, obtained information about appellant's New York corporation from S & L and Kroll. In due course notices of tax deficiencies were sent to appellant in California. Tax Court proceedings ensued and in 1978, in response to a subpoena, one of S & L's partners came to California to testify in the trial. The Tax Court held against the taxpayer-appellant and this court affirmed the decision and held that the IRS had not violated appellant's rights. *Sutain v. Commissioner*, 672 F.2d 923 (9th Cir. 1981) (mem.).

The present suit, commenced in 1979, alleges that S & L and its partners conspired with the IRS to disclose confidential information and to deprive appellant of civil rights. In 1980 appellant added as defendants both Kroll and McGuiness. Appellant concedes that McGuiness resides in New Jersey and that he had terminated his employment with the IRS prior to being named as a defendant.

## II.

### DISCUSSION

Appellant contends that venue in the Central District of California is proper because (1) the claim arose there, and (2) that, in any event, it is proper as to McGuiness because at the time of the wrong he was an employee of the United States acting in his official capacity or under color of legal authority. Appellant relies on 28 U.S.C. § 1391(b) and (e) which read in part as follows:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United

States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which

. . . .

(4) the plaintiff resides if no real property is involved in the action.

We shall address each of these contentions.

### A. Where the "Claim Arose"

The place where the "claim arose" for venue purposes is governed by federal law. *See Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1079 (9th Cir. 1976). Under this law venue is proper "in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim for relief." *Id.* at 1080; *accord, Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir. 1978). The appearance of the S & L partner and the possible appearance of McGuiness, about which the record is not clear, in the appellant's Tax Court proceedings in California is not "substantial" for the purposes of this test. All the events about which the appellant complains, other than these appearances, occurred in New Jersey where appellant's records were located. We hold, therefore, that venue in the Central District of California was improper.

### B. McGuiness as "An Officer or Employee of the United States"

Were McGuiness still an officer or employee of the IRS, venue as to him might be proper in the Central District of California. Moreover, the same could be said had he been such an officer or employee in 1980 when he was made a defendant in this suit. In fact, as appellant concedes, McGuiness terminated his IRS employment prior to the time he was added as a defendant. Venue, therefore, is improper as to him unless 28 U.S.C. § 1391(e) requires that venue be established at the time the suit is filed even as to defendants who become such subsequent to that date.

It is true that venue, pursuant to 28 U.S.C. § 1391(e), is not lost by the termination of the employment of an officer or employee subsequent to the date the suit is filed. That is, section 1391(e) venue is determined as to the date the suit is filed. *Stafford v. Briggs*, 444 U.S. 527, 536, 100 S.Ct. 774, 780, 63 L.Ed.2d 1 (1980); *Driver v. Helms*, 577 F.2d 147, 150–51 (1st Cir. 1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979), *reversed on other grounds sub nom. Colby v. Driver*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980) (consolidated with *Stafford v. Briggs*); *Lamont v. Haig*, 590 F.2d at 1126–31. The purpose of this rule is to facilitate the fixing of venue in a quick and stable manner. It would be unjust, however, to apply this rule to an officer or employee who was not joined as a defendant at the time the suit was filed. The purpose of the rule is quite well served by fixing venue as of the time such a defendant is joined. Only if such a defendant remains an officer or employee at that time should the plaintiff be entitled to fix venue, pursuant to 28 U.S.C. § 1391(e)(4), where the plaintiff resides. By using the time of joinder as the date for fixing venue with respect to the recently joined defendant the propriety of the venue selected can be determined expeditiously.

Therefore, we hold that venue in the Central District of California was improper with respect to appellant's suit against defendant McGuiness. In view of this holding we need not determine whether 28 U.S.C. § 1391(e) is inapplicable because appellant's claim is against McGuiness in his individual capacity. *See Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1. Our holding is based on the assumption, which we employ without specifically so deciding, that appellant's claim is essentially against the United States and that because of this 28 U.S.C. § 1391(e) is applicable.

AFFIRMED.